### SILLS et al. v. MACHSON et al.

(Supreme Court, Appellate Term. June 6, 1907.)

PROCESS—SERVICE—EVIDENCE.

Evidence *held* to show that service of process was made.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Process, §§ 202–205.]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by John S. Sills and others against John Machson and others. From a judgment for plaintiffs, defendants appeal. Affirmed.

Argued before GILDERSLEEVE, P. J., and FITZGERALD and GOFF, JJ.

Manheim & Manheim (Harry A. Gordon, of counsel), for appellants.

Frank & Wolfson, for respondents.

FITZGERALD, J.   This appeal is taken under the provisions of section 311 of the Municipal Court act (Laws 1902, p. 1578, c. 580), which permits an appeal to be taken by a defendant who has not been personally served with a summons and who has not appeared in the action at any time within 20 days after service upon him of notice of entry of the judgment.   The only question to be determined in this case is whether or not personal service of the summons was made upon the defendants.

There is a sharp conflict of testimony in the affidavits submitted by the respective parties herein.   On the part of the plaintiffs the person who made the service swears positively to the time, place, and manner of service, and he is shown to have no interest in the result of the litigation, and to be a person of respectability, and entitled to full credit as a witness.   There are many circumstances also set forth which tend strongly to corroborate his statement.   On the other hand, the defendants testify equally positively that neither of them were ever served, although they admit that the process server was in their place of business, and that both had a conversation with him at the time he alleges service was made by him.   A careful and critical examination of the affidavits submitted by both parties leads me to the conclusion that the plaintiff has established by a preponderance of facts and circumstances that service of process was made.   No material injury can be done the defendants by so holding, as their right to have their default opened in the lower court is beyond question.   Upon the trial, the merits of the claims of the respective parties can then be determined.

Judgment affirmed, with costs.   All concur.